IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNEL FRANCISCO, et al.,

    Plaintiffs,                                No. CIV S-10-2594 JAM DAD PS

    vs.

GREENPOINT MORTGAGE FUNDING, INC., et al.,              ORDER

    Defendants.

_____/

        Plaintiffs are proceeding pro se with a case arising from a mortgage foreclosure. The case was referred to the undersigned pursuant to Local Rule 302(c)(21).

        A motion to dismiss has been filed on behalf of defendant Landmark Homes Realty by an individual presenting himself as Rodolfo Ibay, dba Landmark Homes Realty, In Pro Se. The motion is signed by Rodolfo Ibay as defendant. This motion cannot be placed on the court's November 19, 2010 law and motion calendar because the motion was filed less than 28 days prior to the proposed hearing date.[1] See Local Rule 230(b). As a general rule, the moving

---

[1] Defendant Old Republic Title Company filed a motion to dismiss through counsel on October 19, 2010 (Doc. No. 6). That motion was properly noticed and has been placed on the court's November 19, 2010 law and motion calendar. Plaintiffs are advised that they must respond to defendant Old Republic Title Company's motion by filing opposition or a statement of non-opposition within the time specified in Local Rule 230(c).

1

1  party would be permitted to re-notice the motion for a date that provides proper notice.
2  However, in this instance the motion must be denied because Rodolfo Ibay is not a named
3  defendant in plaintiffs' complaint, and "[a] corporation or other entity may appear only by an
4  attorney." Local Rule 183(a). Unlicensed laypersons, including the owner of a company, the
5  officers of a corporation, the partners of a partnership, and the members of an association, may
6  not represent their entities "pro se." <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 201-02
7  (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear
8  in the federal courts only through licensed counsel. . . . [T]hat rule applies equally to all artificial
9  entities.").

10         The motion filed on behalf of defendant Landmark Homes Realty will be
11 dismissed without prejudice to the filing of a new motion through counsel. Defendant Landmark
12 Homes Realty is cautioned that its failure to appear in a timely manner through counsel could
13 result in a default being entered against it. <u>See</u> <u>United States v. High Country Broadcasting Co.,</u>
14 <u>Inc.</u>, 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming the district court's entry of default judgment
15 against the corporation when the corporation failed to retain counsel for the duration of the
16 litigation and attempted to proceed through its unlicensed president and sole shareholder).

17         Accordingly, IT IS ORDERED that the motion to dismiss (Doc. No. 7) filed by a
18 pro se individual on behalf of defendant Landmark Homes Realty is denied without prejudice and
19 will not be placed on the court's November 19, 2010 law and motion calendar.
20 DATED: November 2, 2010.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

24 DAD:kw
Ddad1\orders.pro se\francisco2594.mtd.den